UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

PRODIGY FINANCE CM2020-1 DAC,
PRODIGY FINANCE CM2021-2 DAC,

Petitioners,

v.

ARBAZ MOHAMMED RIZWAN KHAN,

Respondent.

Civ. No. 2: 25-cv-06273 (WJM)

OPINION AND ORDER

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Petitioners' unopposed motion to confirm three foreign arbitral awards issued by the Chartered Institute of Arbitrators in London, England. ECF No. 1. For the reasons set forth below, the motion is **GRANTED**.

### I. BACKGROUND[1]

This matter arises from three student loan agreements between Prodigy Finance Limited ("Prodigy") and Respondent Arbaz Mohammed Rizwan Khan ("Khan" or "Respondent"). The loans were subsequently assigned to Petitioners Prodigy Finance CM2020-1 DAC and Prodigy Finance CM2021-2 DAC (collectively, "Petitioners"), both Irish designated activity companies incorporated under Irish law with registered addresses in Dublin. Respondent Arbaz Mohammed Rizwan Khan is an individual who resides in Jersey City, New Jersey. The three loan agreements—dated January 28, 2021, August 26, 2021, and August 26, 2022, respectively—provided for arbitration of disputes between £5,000 and £200,000 before the Chartered Institute of Arbitrators in London, with English law governing the agreements. After Khan defaulted on all three loans in August 2023, Petitioners initiated arbitration proceedings. On October 31, 2024, Arbitrator Vivien Oduah issued three final awards in favor of Petitioners:

- Award 1: $23,072.64 plus interest at 7.51% per annum beginning November 14, 2024;

---

[1] The Court relies on the facts discussed in the instant motion (ECF No. 1) and the three arbitration award decisions issued by the Chartered Institute of Arbitrators. *See* Exs. 1, 11, & 20 to Decl. of Patrick J. Boyle ("Boyle Decl."), ECF No. 1-1.

1

- Award 2: $75,462.56 plus interest at 9.26% per annum beginning November 14, 2024; and

- Award 3: $19,730.88 plus interest at 10.33% per annum beginning November 14, 2024.[2]

Each award also included $5,160.00 in arbitration costs. Khan has failed to make any payment on the awards. On May 30, 2025, Petitioners filed this motion seeking confirmation of three foreign arbitral awards. ECF No. 1. As of the date of this Opinion & Order, Khan has failed to respond to the motion or otherwise appear in this action.

## II.   ANALYSIS[3]

The enforcement of foreign arbitral awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), implemented in the United States through Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208. To obtain enforcement of the arbitral award, a party may apply to federal district court, attaching copies of the arbitral award and the agreement to arbitrate. *See* Convention, Article IV; 9 U.S.C. § 201. Here, Petitioners complied with these requirements. *See* Exs. 1-28 to Boyle Decl. Once the requirements are complied with, the district court's "role is limited—it must confirm the award unless one of the grounds for refusal specified in the [New York] Convention applies to the underlying award." *Admart AG v. Stephen & Mary Birch Found., Inc.*, 457 F.3d 302, 307 (3d Cir. 2006) (citing *Compagnie Noga D'Importation et D'Exportation S.A. v. The Russian Federation*, 361 F.3d 676, 683 (2d Cir. 2004)). These grounds for refusal must be invoked and proved by the party opposing confirmation of the award, and are not applicable here where the motion is unopposed. *See* Convention, Article V.

## III.   CONCLUSION AND ORDER

Based on the foregoing reasons,

IT IS on this 22 day of July 2025, hereby **ORDERED** that:

1. Petitioners' motion (ECF No. 1) is **GRANTED**, and the three arbitral awards dated October 31, 2024, issued by the Chartered Institute of Arbitrators in London, England, are **CONFIRMED**;

2. **JUDGMENT** is entered in favor of Petitioners against Respondent Arbaz Mohammed Rizwan Khan in the following amounts:

    - Award 1: $23,072.64 plus simple interest at 7.51% per annum from November 14, 2024

---

[2] The arbitration awards were stated in British pounds and have been converted to U.S. dollars using the exchange rate in effect on the date of the awards (1 GBP = 1.29 USD). *See* Mot. ¶ 51 n.1, ECF No. 1.

[3] This Court has subject matter jurisdiction under 9 U.S.C. § 203 and § 1331. Petitioners filed their motion in this District based on the belief that Khan is subject to personal jurisdiction here. Mot. ¶ 4.

- Award 2: $75,462.56 plus simple interest at 9.26% per annum from November 14, 2024
- Award 3: $19,730.88 plus simple interest at 10.33% per annum from November 14, 2024
- Total arbitration costs ($5,160 × 3 = $15,480): $15,480.00;

3. Post-judgment interest shall accrue on the total judgment amount at the rate specified in 28 U.S.C. § 1961, calculated from the date of entry of this judgment; and

4. The Clerk of Court is directed to close this case.[4]

*[signature]*

WILLIAM J. MARTINI, U.S.D.J.

---

[4] Petitioners also seek "fees and costs incurred in this proceeding" but do not appear to provide analysis supporting such an award. If Petitioners believe they are entitled to attorneys' fees and costs, they may file a motion with supporting briefing within thirty (30) days of this Opinion & Order.